IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| CALVIN and GLORY STANTON,<br><br>       Plaintiffs,<br>vs.<br><br>OCWEN LOAN SERVICING, LLC,<br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY f/k/a BANKERS TRUST<br>COMPANY, NEW CENTURY<br>MORTGAGE CORPORATION, and<br>DOES 1 through 20,<br><br>       Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No.  1:10CV2 DAK |

  This matter is before the court on a Motion for Summary Judgment filed by Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Deutsche Bank National Trust Company f/k/a Bankers Trust Company, as Trustee (Deutsche Bank as Trustee")[1] (collectively, "Defendants") Motion for Summary Judgment.  A hearing on the motion was held on June 28, 2012.  At the hearing, Plaintiffs Calvin and Glory Stanton were represented by Nathan W. Drage, and Defendants were represented by Julie Edwards.  The court has carefully considered the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to this motion.  Now being

---

[1] Defendants state that Deutsche Bank as Trustee was erroneously sued as "Deutsche Bank National Trust Company f/k/a Bankers Trust Company."

fully advised, the court renders the following Memorandum Decision and Order.[2]

In the instant Motion for Summary Judgment, Defendants met their burden of demonstrating the absence of a genuine issue of material fact as to each of Plaintiffs' remaining claims. *See Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir.1998). The burden then shifted to Plaintiffs "to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the [Plaintiffs]." *Id*. at 671 (internal quotation marks omitted). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits." *Id*.; *see* Fed. R. Civ. P. 56(c)(1) (stating that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record," and listing numerous examples of such materials). Plaintiffs, however, have failed to satisfy their burden.

In responding to Defendants' motion, Plaintiffs state in their "Introduction" that with the exception of two "Undisputed Facts," "they are ALL disputed by Plaintiffs as completely false or substantially incomplete as to context." Pls.' Mem. in Opp'n at 4. Rather than specifically set forth which of Defendants' purported undisputed facts are actually disputed, however, Plaintiffs provide their own "Statement of Undisputed Facts." But in setting forth their version of events, Plaintiffs fail to set forth specific facts that would be admissible in evidence in the event of trial. Specifically, regarding Plaintiff's "Undisputed Facts" Nos. 7 though 58, inclusive, Plaintiffs cite only to their Complaint as evidence. Their Complaint, however, is not a "verified" Complaint. In the few instances where Plaintiffs cite to something other than their Complaint, it is for

---

[2] The background in this case was set forth previously in a Memorandum Decision and Order dated September 28, 2010, and therefore it will not be repeated here. In the September 28, 2010 Order, the court granted in part and denied in part Defendants' Motion to Dismiss.

2

propositions that are not material to any cause of action.

It is well settled that a pleading will not suffice to support or oppose a motion under Rule 56 and that to defeat a motion for summary judgment under Rule 56, plaintiffs must identify record evidence sufficient to create a genuine dispute as to a material fact.  Fed. R. Civ. P. 56; *Martinez v. Wyoming*, 218 F.3d 1133, 1138 (10th Cir. 2000) (stating that the plaintiff "may not rest on his pleadings, but must show evidence which would establish all elements necessary to his case.").

Because Plaintiffs have failed to satisfy their burden of identifying record evidence to support each challenged cause of action such that a reasonable finder of fact could find in their favor, Defendants' Motion for Summary Judgment is granted.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment is GRANTED.  Plaintiffs' action is DISMISSED, and the Clerk of Court is directed to close this case.

DATED this 26th day of September, 2012.

> BY THE COURT:
>
> *Dale A. Kimball*
> DALE A. KIMBALL
> United States District Judge