IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **CALVIN and GLORY STANTON,**<br><br>    Plaintiffs,<br>vs.<br><br>**OCWEN LOAN SERVICING, LLC, DEUTSCHE BANK NATIONAL TRUST COMPANY f/k/a BANKERS TRUST COMPANY, NEW CENTURY MORTGAGE CORPORATION, and DOES 1 through 20,**<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  1:10CV2 DAK |

   This matter is before the court on Plaintiffs Calvin and Glory Stanton's Motion for Relief from Judgment.  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).  Now being fully advised, the court renders the following Memorandum Decision and Order.

   In the instant Motion, Plaintiffs seek relief from the Court's Memorandum Decision and Order that was entered on September 26, 2012 (the "Order").[1]  In the Order, the court granted Defendants' Motion for Summary Judgment.  Plaintiffs now argue that they are entitled to relief from the Order, based on Rule 60(b)(1) and Rule 60(b)(6) of the Federal Rules of Civil

---

[1] Docket No. 37.

Procedure ("FRCP").   FRCP 60 (b) provides, in pertinent part:

> (b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> . . .
> (6) any other reason that justifies relief.

Reconsideration under Rule 60(b), however, may only be granted in exceptional circumstances.  *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1153 (10th Cir. 2007); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006).  A Rule 60(b) motion "is not a substitute for an appeal."  *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990).  "A plaintiff must overcome a higher hurdle to obtain relief from a post-judgment motion than on direct appeal from a judgment." *Le Fleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003).   And whether to grant a Rule 60(b) motion rests within the trial court's discretion.  *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007).

As a general proposition, the Rule 60(b)(1) "mistake" provision provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order.  *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996)).   For all the reasons set forth in Defendant's Memorandum in Opposition, the court finds that Plaintiffs have not demonstrated either an excusable litigation mistake or a substantive mistake of law or fact by the judge.   In opposing the

Defendants' Motion for Summary Judgment, Plaintiffs simply failed to create, as to any of their causes of action, a genuine issue of material fact.   Therefore, the Defendants were entitled to judgment as a matter of law, and the court granted their motion.  There is no basis on which to grant Plaintiffs relief from the court's Order or its final judgment.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion for Relief from Judgment [Docket NO. 40] is DENIED.

DATED this 10th day of January, 2013.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge